AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JERIN FENTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERIN FENTON,<br><br>     Plaintiff,<br><br>  v.<br><br>EMPORIUM SF, LLC; DIVISADERO HAYES, LLC,<br><br>     Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>**2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>**3. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff JERIN FENTON complains of Defendants EMPORIUM SF, LLC and DIVISADERO HAYES, LLC, and each of them, and alleges as follows:

1.      **INTRODUCTION:**  The Emporium Arcade Bar ("Emporium") is a large, multilevel bar and arcade that hosts hundreds of members of the public at a time for drinks, snacks, entertainment and private parties.  Unfortunately, the Emporium also does not have an accessible path of travel to its upstairs bar and private party area, restrooms, and some game areas despite a multi-hundred-thousand-dollar renovation in 2017, totaling over $870,000. Patrons are required to climb up three flights of stairs to access the bar and group seating areas on the top floor of the Emporium.  The lack of access caused Plaintiff Jerin Fenton significant

embarrassment, difficulty, and discomfort on February 24, 2024. While patronizing the Emporium to celebrate a friend's birthday, Plaintiff had to rely on the assistance of his friends to be carried up and down several flights of stairs to access the party area and restroom, at great risk to his physical safety. As a result of the lack of accessible path of travel and inaccessible second floor restroom, Plaintiff was forced to change his catheter in plain view of other patrons using the restroom.

2.    It should never have been this way.  Defendants and/or their predecessors-in-interest performed three extensive interior remodels in 2017 of subject premises. These renovations were valued and $150,000, $600,000 and $120,000.  Each of these renovations were performed to turn what was previously a church into the Emporium Arcade Bar.  These alterations required Defendants to make the restrooms, seating areas, and bars fully accessible, including providing an accessible path of travel to each area.  As a result of these and other barriers, disabled Plaintiff Jerin Fenton was unable to meaningfully access and enjoy the Emporium located at 616 Divisadero Street, San Francisco, California.

3.    Plaintiff is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for locomotion. He is unable to use portions of public facilities which are not accessible to mobility disabled persons.  Plaintiff was denied his rights to full and equal access to the Emporium.  He was denied his civil rights under both California law and federal law, and he continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use assistive devices for mobility.

4.    Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. This request includes but is not limited to installation of three stair lifts to ensure independent access to each of the floors, including the bar and reserved seating area. Plaintiff's contractor estimates this would cost between $50,000 to $100,000, well under the 20% of total cost of renovations the ADA requires when performing alterations, and similarly required under state law where the renovation cost exceeded the

threshold that requires full access compliance.  Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing because of Defendants' failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

5. **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

6. **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7. **INTRADISTRICT:**  This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8. **PARTIES:**  Plaintiff JERIN FENTON is a paraplegic and a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for locomotion.  He incurred a spinal cord injury at T5/T6 when he was shot while trying to make a Craigslist purchase about four years ago.  Plaintiff is unable to use facilities which are not accessible to mobility disabled persons, including those who require the use of a wheelchair. Plaintiff is entitled by permit from the State of California to park any vehicle which he drives or is transported in, in a designated and properly configured disabled accessible parking space. This is his first and only Americans with Disabilities Act lawsuit.

9. Defendants EMPORIUM SF, LLC, and DIVISADERO HAYES, LLC, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings

3

at all times relevant to each incident described in this Complaint.  Plaintiff is informed and believe that each of the Defendants herein is the agent, employee, or representative of each of the other Defendant, and each performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10.     The Emporium is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information and belief, the Emporium buildings and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19955-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

11.     **FACTUAL STATEMENT:**  The Emporium was converted in 2017 from an old theater with a stage at the front, an orchestra area, and at least three additional levels above it to an arcade and two bars.  It has five total levels.  The entrance is on the main, second level. This level contains games, such pinball and air hockey, and a bar but no tables or seating. There is a flight of stairs that descends to a lower (first) level that was previously used for the orchestra area in front of the stage before the alteration and renovation. There is also a ramp to this level but there is no signage to show disabled patrons upon entering the venue where it is located.

12.     On the main entrance level, there are sets of men's and women's restrooms, each flanking a lobby entrance area.  There are two sets of stairs ascending on either side of the lobby

4

adjacent to the restrooms, each leading to a landing, and then another flight of stairs.  There is also another set of restrooms located up a flight of stairs from that landing used as the closest restrooms to the upstairs bar.  Upon reaching the fourth level, there is a balcony area requiring other steps to use that include some seating looking out over the entire downstairs gaming area and stage. There is a third flight of ascending stairs to get to the fourth level where the bar, tables, and eating area are.  On this floor there are seats and tables used for ordering food, sitting and using the pool tables.  There is a bar that is situated up yet another step.  Finally, there are two "VIP" areas in each of the corners also accessible only by steps at the "fifth" level.  All of these paths of travel were inaccessible and unusable by Plaintiff due to his using a wheelchair.

13.     In mid-February 2024, Plaintiff received an invite to his friend DJ's birthday party.  The party was set to take place on February 24, 2024, at the Emporium Arcade Bar located at 616 Divisadero Street, San Francisco, California 94117.

14.     Plaintiff has had issues with accessibility at facilities in the past, so on or about February 22, 2024, Plaintiff called the Emporium to ask if the facility would be accessible for him as a wheelchair user. He informed the Emporium employee with whom he spoke that his friend was having a birthday party at the facility and that he was in a wheelchair. Plaintiff then asked Defendants' employee whether the Emporium would be accessible to him as a wheelchair user. Defendants' employee confirmed that the Emporium was in fact accessible.

15.     On February 24, 2024, two days later, Plaintiff drove from his home in the East Bay with his friend Guerrero to San Francisco to attend the birthday party at the Emporium for their mutual friend, DJ. Plaintiff, Guerrero and DJ are all in a card club together and several other card club members were attending the party. Plaintiff was excited to celebrate with his friends.

16.     When he arrived in San Francsico, Plaintiff found parking for his vehicle and pushed himself to the Emporium. He arrived at the club around 9:30 pm.  There was an excessive slope to enter the Emporium, but Plaintiff managed to navigate it with a little assistance from his friend Guerrero.  Plaintiff would have preferred being able to independently push himself but did not want that difficulty disturb the evening.  An employee checked his identification at the door, and then Plaintiff went inside to look for his friend's party.

17.     After Plaintiff entered the Emporium, he went into a lobby area.  Passing through the lobby he went to the main floor that included several games, like air hockey and pinball machines, and a bar area.  The lowered section of the bar was cluttered with dirty cups and was not usable. Plaintiff began looking around for his friends.

18.     He saw one of the other party attendees who told him that the party was on the top floor.  Plaintiff went back to speak with the employee at the front door to inquire how to get there and see if there was an elevator.  There was none. The employee simply told him that the Emporium is accessible and gestured to the interior of the Emporium. Then Defendants' employee went back to what he was doing without further explanation to Plaintiff.  Plaintiff tried in vain to find another of Defendants' employees to assist him in getting upstairs, but he was unable to find anyone.

19.     Plaintiff spoke to his friends and told them that he was just going to go home since the Emporium was not accessible to him.  Plaintiff's friends persuaded him to stay, and they told him that they would carry him upstairs in his wheelchair.  Plaintiff ultimately agreed.  Four of Plaintiff's friends lifted him up in his wheelchair and carried him up the three flights of stairs to the party area.  It was scary for Plaintiff, and he was worried that he might fall.  However, he made it up the stairs to the party with the help of his friends.

20.     When Plaintiff got upstairs, he was able to visit and celebrate with his friends. There was seating and decorations upstairs where the party was being held.  Plaintiff did not see any such areas on the accessible level of the Emporium.  The bar upstairs was only accessible by steps, so he had to ask his friend Guerrero to get him a drink.  This was embarrassing because he would have preferred to order on his own. He also felt segregated from the rest of the party and many of the guests were congregating in a VIP area which was up another few stairs.

21.     After Plaintiff consumed his beverage, he needed to use the restroom.  His friends carried him back down the three flights of stairs to the ground level where there was a supposedly accessible restroom. This again was humiliating to Plaintiff and he was also scared of being dropped. Unfortunately, when Plaintiff arrived at the main floor restroom door, it was locked and an employee informed Plaintiff that no one was allowed to enter the restroom due to "an

incident." Defendants' employee indicated that there was a restroom on the second floor, so Plaintiff's friends then carried him up two flights of stairs to that restroom.

22.     By this time, Plaintiff urgently needed to use the restroom. When he entered the restroom, it appeared the designated accessible stall was being used, so he changed his catheter in out in the open in the restroom. He faced the wall to get as much privacy as possible, but it was humiliating to perform such an intimate act in view of other Emporium guests. He disposed of his waste in the restroom trash can and left as quickly as possible because he was so embarrassed.

23.     When Plaintiff exited the restroom, his friends carried him downstairs, and he went outside. After a bit of time, his friends came to check on him to see if he wanted to be carried back upstairs. Plaintiff told them that he wanted to head home. Plaintiff and Guerrero left the party.

24.     Ultimately, Plaintiff left the celebration feeling embarrassed, sad and frustrated. What should have been a celebration with friends was ruined by the lack of accessible features and paths of travel and inaccessible restrooms.

25.     After Plaintiff attended the celebration at the Emporium, he learned that there is an accessible path of travel to a lower level of the Emporium where he could have played arcade games. However, when he was at the Emporium, he did not see any signage indicating the accessible path of travel throughout the facility nor did any of the employees direct him to the accessible path of travel despite the facts that (1) it was evident that Plaintiff was in a wheelchair and could not climb stairs and (2) Plaintiff asked an employee about accessible paths of travel at the Emporium. Plaintiff was denied access to play video games he would have otherwise enjoyed due to the lack of signage.

26.     The building permit history of the Emporium shows that the premises were substantially renovated in 2017. However, despite the renovation costing $870,000 no accessible path of travel throughout the facility was provided. To the extent that Defendants could not make the paths of travel throughout the fully accessible because to do so was technically infeasible, they failed to make the path of travel as accessible as possible for disabled persons and to provide signage and training to employees to direct disabled persons to the accessible paths of travel and

7

1  features at the facility.

2       27.    The above referenced barriers to access are listed without prejudice to Plaintiff

3  citing additional barriers to access by an amended complaint after inspection by Plaintiff's access

4  consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*

5  524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

6  2011).  All of these barriers to access render the premises inaccessible to physically disabled

7  persons who are mobility impaired, such as Plaintiff, and are barriers that Plaintiff may encounter

8  when he returns to the premises.  All facilities must be brought into compliance with all

9  applicable federal and state code requirements, according to proof.

10                      **FIRST CAUSE OF ACTION:**
                **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
11                      **42 USC §§ 12101 *et seq***

12       28.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

13  the allegations contained in Paragraphs 1 through 27 of this Complaint and incorporates them

14  herein as if separately re-pleaded.

15       29.    In 1990 the United States Congress made findings that laws were needed to more

16  fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

17  that "historically, society has tended to isolate and segregate individuals with disabilities;" that

18  "such forms of discrimination against individuals with disabilities continue to be a serious and

19  pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

20  are to assure equality of opportunity, full participation, independent living, and economic self-

21  sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

22  discrimination and prejudice denies people with disabilities the opportunity to compete on an

23  equal basis and to pursue those opportunities for which our free society is justifiably famous..."

24  42 U.S.C. §12101

25       30.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

26  Act and in the Americans with Disabilities Act of 1990.

27       31.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

28  Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

32.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to "a restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B).

33.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no

individual with a disability is excluded, denied service, segregated, or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that

are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause

(iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,

advantages, or accommodations available through alternative methods if such methods are readily

achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under

the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

34.     The removal of each of the physical barriers complained of by Plaintiff as

hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards

of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one

of the architectural and/or policy barriers complained of herein were already required under

California law.  Further, on information and belief, alterations, structural repairs or additions

since January 26, 1993, have also independently triggered requirements for removal of barriers to

access for disabled persons per section 12183 of the ADA.  In the event that removal of any

barrier is found to be "not readily achievable," Defendants still violated the ADA, per

section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and

accommodations through alternative methods that were "readily achievable."

35.     The ability to use a travel throughout a facility is a fundamental necessity of

accessing and using a bar/club which serves food and drinks. Therefore, the benefits of creating

an accessible path of travel to accessible features does not exceed the costs of readily achievable

barrier removal. These costs are fundamental to doing business, like any other essential function

of operating a bar, club, or restaurant, such as the costs of ensuring fire safety.  It is thus readily

achievable to remove these barriers.

36.     On information and belief, as of the dates of Plaintiff's encounters at the premises

and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have

denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

37.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Emporium and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

38.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

39.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize the Emporium, in light of Defendants' policies and physical

11

premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

### SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

40.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 39 of this Complaint and incorporate them herein as if separately re-pleaded.

41.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

42.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

43.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

44.     Any violation of the Americans with Disabilities Act of 1990 (as pled in the third cause of action) constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under

12

the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

45.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, and compensatory damages to Plaintiff, according to proof.

46.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

47.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 46, above, and incorporate them herein by reference as if separately repleaded hereafter.

48.     Plaintiff and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California

1  Health & Safety Code sections 19953 -19959.  Plaintiff is a member of that portion of the public

2  whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq.*

3  Further, Plaintiff is also protected against policy and architectural barrier discrimination by

4  California Civil Code sections 54 and 54.1, the "Disabled Persons Act."  "Individuals with

5  disabilities or medical conditions have the same right as the general public to the full and free use

6  of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including

7  hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code

8  § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as

9  other members of the general public, to accommodations, advantages, facilities, . . . places of

10  public accommodation, amusement, or resort, and other places to which the general public is

11  invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited

12  to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the

13  Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

14       49.  Title 24, California Code of Regulations, formerly known as the California

15  Administrative Code and now also known as the California Building Code, was in effect at the

16  time of each alteration which, on information and belief, occurred at such public facility since

17  January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

18  each such "alteration, structural repair or addition" was carried out.  On information and belief,

19  Defendants and/or their predecessors in interest carried out new construction and/or alterations,

20  structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

21  been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

22  structural repairs, and/or additions which triggered access requirements at all relevant portions the

23  Emporium, also occurred between July 1, 1970, and December 31, 1981, and required access

24  pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to

25  the incorporated provisions of California Government Code sections 4450 *et seq.*  Further, on

26  information and belief, additions to the building after the initial construction also occurred after

27  January 1, 1972, triggering access requirements per Health and Safety Code section 19959.

28  Alterations or additions after January 26, 1993, trigger ADA liability and requirements per 42

1    USC sections 12182 and 12183 of the ADA.

2        50.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and

3    omissions of Defendants as complained of herein which are continuing on a day-to-day basis and

4    which have the effect of wrongfully excluding Plaintiff and other members of the public who are

5    physically disabled from full and equal access to these public facilities.  Such acts and omissions

6    are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions

7    continue to treat Plaintiff as inferior and second-class citizen and serve to discriminate against

8    them on the sole basis that he is a person with disabilities who require the use of a wheelchair or

9    other assistive device for movement in public places.

10        51.    Plaintiff is deterred from returning to use these facilities, because the lack of

11    access will foreseeably cause them further difficulty, discomfort and embarrassment, and Plaintiff

12    is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to

13    and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the Emporium

14    and its facilities and are deterred from further patronage until these facilities are made properly

15    accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff

16    specifically intends to return and patronize the Emporium once it is made accessible, including

17    the paths of travel throughout the facility.

18        52.    The acts of Defendants have proximately caused and will continue to cause

19    irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

20    all inaccessible areas of the premises that each of them has personally encountered, and, as to all

21    areas identified during this litigation by Plaintiff's access consultant, that they or other physically

22    disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir.

23    2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs*

24    *Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently owns, operates,

25    and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent

26    injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full

27    and equal access for disabled persons, and for reasonable statutory attorney fees, litigation

28    expenses and costs.

53.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

54.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These violations have deterred Plaintiff from returning to attempt to patronize the Emporium and will continue to cause each of them damages each day these barriers to access continue to be present. Plaintiff intends to return to the Emporium once the premises has been made accessible for his full and equal enjoyment.

55.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

16

provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff JERIN FENTON prays for judgment and the following specific relief against Defendants:

1.     Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot

17

1    recur;

2         3.      Award to Plaintiff all appropriate damages, including but not limited to statutory

3    damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

4    according to proof;

5         4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

6    costs of this proceeding as provided by law;

7         5.      Award prejudgment interest pursuant to Civil Code section 3291; and

8         6.      Grant such other and further relief as this Court may deem just and proper.

9    Date: July 30, 2024                                    REIN & CLEFTON

10

11                                                  _____*/s/ Aaron Clefton*_____
                                                    By AARON CLEFTON, Esq.
12                                                  Attorney for Plaintiff
                                                    JERIN FENTON
13

14                              **JURY DEMAND**

15        Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

16   Date: July 30, 2024                                    REIN & CLEFTON

17

18                                                  _____*/s/ Aaron Clefton*_____
                                                    By AARON CLEFTON, Esq.
19                                                  Attorney for Plaintiff
                                                    JERIN FENTON
20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES